**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDREW L. LITTLE, | : | No. 324 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 17, 2015,
in the Court of Common Pleas of Fulton County
Criminal Division at No. CP-29-CR-0000055-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED DECEMBER 07, 2016**

Andrew L. Little appeals from the November 17, 2015 aggregate judgment of sentence of 10 to 20 years' imprisonment imposed after a jury found him guilty of aggravated assault and simple assault.[1]  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  In the early morning hours of March 20, 2015, appellant and a cohort severely beat the victim unconscious in the parking lot of the Iron Horse bar in McConnellsburg, Pennsylvania.  (Notes of testimony, 9/9/15 at 27-40, 81-85, 125-126.)  The victim sustained serious

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702 and 2701, respectively.

bodily injuries as a result of this assault, including a fractured nose, broken teeth, head trauma, and a concussion, which necessitated medical treatment. (*Id.* at 105-108, 118-120, and 129-130.)

Appellant was arrested in connection with this incident and charged with aggravated assault, simple assault, and the summary offenses of harassment and disorderly conduct.[2] On September 9, 2015, appellant proceeded to a jury trial and was subsequently found guilty of aggravated assault and simple assault. As noted, on November 17, 2015, the trial court sentenced appellant to an aggregate term of 10 to 20 years' imprisonment, the statutory maximum.[3] On November 24, 2015, appellant filed a timely post-sentence motion, which was denied by the trial court on January 19, 2016. On February 18, 2016, appellant filed a timely notice of appeal. On February 23, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Following an extension, appellant filed his timely

---

[2] 18 Pa.C.S.A. §§ 2709 and 5503(a)(1), respectively.

[3] The record reflects that the charges of simple assault and aggravated assault merged for sentencing purposes. Appellant had a prior record score of 3, and the offense gravity score for aggravated assault -- causing serious bodily injury is 11. 204 Pa.Code § 303.15. Accordingly, the standard guideline range for a sentence on the charge of aggravated assault is 54-72 months' imprisonment with an aggravated range of 84 months. 204 Pa.Code § 303.1. The statutory maximum for the charge of aggravated assault, a felony of the first-degree, is 240 months' (20 years) imprisonment. 18 Pa.C.S.A. § 1103(1).

Rule 1925(b) statement on April 27, 2016. The trial court filed its Rule 1925(a) opinion on May 5, 2016.

Appellant argues that "the trial court committed an error of law and abuse of discretion when it sentenced [him] outside of the standard range sentence recommended by the Pennsylvania Commission on Sentencing and not in accordance with the strict provisions of 42 Pa.C.S.A. § 9721(b)." (Appellant's brief at 2.) Specifically, appellant avers that "the trial court failed to establish on the record . . . [an] understanding of the applicable guideline range of sentence" prior to sentencing him to the statutory maximum for aggravated assault. (*Id.* at 7.)

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011).

Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has complied with the first three requirements. Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), **appeal denied**, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa.Super. 2012), **appeal denied**, 63 A.3d 774 (Pa. 2013) (citation omitted). "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the

code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585-586 (Pa.Super. 2010), **appeal denied**, 14 A.3d 825 (Pa. 2011) (citation omitted).

As noted, the trial court sentenced appellant to the statutory maximum for his aggravated assault conviction. **See** 18 Pa.C.S.A. §§ 1103(1), 2702(a)(1). Appellant contends that the trial court failed to demonstrate on the record "an understanding or acknowledgement of the applicable standard range recommended sentence . . . prior to sentencing him [to] the maximum allowable sentence." (Appellant's brief at 7-11.) This court has long recognized that a claim that "the sentencing court failed to provide sufficient reasons for imposing a sentence outside of the guidelines[]" or did not understand the applicable guideline range raises a substantial question. **Commonwealth v. Lewis**, 911 A.2d 558, 567 (Pa.Super. 2006) (citation omitted); **see also Commonwealth v. Garcia−Rivera**, 983 A.2d 777, 780 (Pa.Super. 2009) (stating that the sentencing court must demonstrate that it understands the guideline ranges and place on the record its reasons for deviating from the guidelines). Accordingly, we proceed to consider the merits of appellant's discretionary sentencing claim.

The Sentencing Code sets forth the considerations a trial court must take into account when fashioning a sentence:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is

> consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). When a trial court sentences a defendant outside of the ranges recommended by the sentencing guidelines, as is the case here, the trial court must state its reasons for departing from the guidelines on the record. **Commonwealth v. Bowen**, 55 A.3d 1254, 1263-1264 (Pa.Super. 2012).

Appellant is correct in asserting that when deviating from the sentencing guidelines, a trial court "must indicate that it understands the suggested sentencing range." **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa.Super. 1999) (**en banc**); **see also** appellant's brief at 8-9. Nonetheless, there is no requirement that "a sentencing court must evoke 'magic words' in a verbatim recitation of the guidelines range[s]" to satisfy this requirement. **Id.** at 215. Rather, "where the record has reflected that the [trial] court acted on a sound understanding of the sentencing range and imposed sentence accurately, we have affirmed the judgment of sentence even in the absence of a guidelines recitation." **Id.** at 216.

Instantly, the record belies appellant's claim that the trial court failed to establish on the record that it understood the applicable sentencing guidelines. Our review of the November 17, 2015 sentencing hearing transcript reveals that the trial court clearly stated on the record its reasons for deviating from the sentencing guidelines. Specifically, the trial court

noted that it considered and weighed numerous factors in fashioning appellant's maximum sentence, including the extremely violent nature of the offense, the danger he posed to the community, his utter lack of remorse and failure to take responsibility for the crime, and his extensive criminal history. (Notes of testimony, 11/17/15 at 12-14.) The record reveals that the trial court was in possession of a PSI report and noted that it had reviewed and was relying on the information contained therein. (*Id.* at 9, 12.) Both the Commonwealth and appellant's counsel referenced the PSI report during the course of the sentencing hearing. (*Id.* at 2-4, 7-9.) Additionally, appellant's counsel specifically summarized the recommended standard and aggravated guideline ranges in arguing on behalf of appellant. (*Id.* at 8.) Where the trial court has the benefit of a PSI report, as is the case here, "the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005) (citation omitted).

Based on the foregoing, we conclude that the record fails to substantiate appellant's claim that the trial court was unaware of the guidelines ranges. Accordingly, appellant's challenge to the discretionary aspects of his sentence must fail.

J. A25005/16

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2016