497 A.2d 1335

**COMMONWEALTH of Pennsylvania**

v.

**John Stephen ZAENGLE, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed Aug. 16, 1985.

Taylor P. Andrews, Public Defender, Carlisle, for appellant.

Kevin A. Hess, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before WICKERSHAM, OLSZEWSKI, and HOFFMAN, JJ.

OLSZEWSKI, Judge:

By order of the Supreme Court, 508 Pa. ——, 497 A.2d 1330, this case has been remanded for proceedings consistent with *Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984). *Frisbie* holds that, where legislatively authorized, the imposition of multiple sentences upon a defendant whose single unlawful act injures multiple victims is legal. In the instant case, appellee driving drunk killed three people. The test of legislative authorization under *Frisbie* looks to the language of the statute defining the offense. *See id.,* 506 Pa. at 466, 485 A.2d at 1100 (comparing the language of 18 Pa.C.S. Sec. 2705 with that of 18 Pa.C.S. Sec. 2707 and

2710). The operative language in 75 Pa.C.S. Sec. 3732 penalizes "(a)ny person who unintentionally causes *the death of another person.*" (Emphasis added.) Applying the *Frisbie* analysis to the facts of this case, we conclude that the legislature did authorize multiple sentences for multiple deaths resulting from a single violation of 75 Pa.C.S. Sec. 3732. Accord *Commonwealth v. Zaengle,* 332 Pa.Super. 137, 141, 480 A.2d 1224, 1228 (1984) (Olszewski, J., dissenting).

The sentences imposed by the trial court are reinstated.