**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Melvin GARCIA–RIVERA.**

Superior Court of Pennsylvania.

Submitted March 2, 2009.

Filed Nov. 5, 2009.

Michelle H. Sibert, Asst. Dist. Atty., Carlisle, for Commonwealth, appellant.

Jacob M. Jividen, Camp Hill, for appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO and COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 The Commonwealth appeals from Melvin Garcia–Rivera's ("Garcia–Rivera" or "appellee") judgment of sentence of July 22, 2008. The Commonwealth contends that the trial court failed to put reasons on the record supporting its imposition of a mitigated range sentence. After careful review, we are compelled to agree and, therefore, vacate the judgment of sentence and remand for resentencing.

¶ 2 The record reflects that on March 13, 2008, Garcia–Rivera tendered an open guilty plea to two counts of involuntary manslaughter, 18 Pa.C.S.A. § 2504(b). The charges related to a June 20, 2007 motor vehicle accident in which appellee's two female passengers, Annette Domer and Carol Ann Fiscaletti–Mackarqvitch,

---

* Retired Senior Judge assigned to the Superior Court.

were killed. Appellee appeared for sentencing on July 22, 2008. The trial court imposed a sentence of 9 to 23 months' incarceration on the first count, with credit for time already served of 266 days and immediate parole; and a consecutive sentence of 23 months' probation on the second count. The standard range of the sentencing guidelines was 3 to 12 months on each count; therefore, appellee's sentence on count 1–A was in the standard range, and his sentence on count 1–B was in the mitigated range.

¶ 3 On July 24, 2008, the Commonwealth filed a motion to modify the sentence, requesting that the court issue an amended sentencing order stating its reasons for imposing a mitigated range sentence on count 1–B. (Docket No. 27.) The Commonwealth's motion was denied by order filed July 25, 2008, the trial court stating that "This is a standard range sentence." (Id.)

¶ 4 The Commonwealth filed a timely notice of appeal on August 18, 2008. On August 20, 2008, the Commonwealth was directed to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); it timely complied on August 29, 2008. The trial court filed a Rule 1925(a) opinion on September 25, 2008. The Commonwealth has raised the following issue for this court's review:

> Did the sentencing court commit an error of law in sentencing [appellee] in the mitigated range of the guidelines without stating any reasons on the record, in accordance with 204 Pa.Code § 303.13(c)?

Commonwealth's brief at 4.

> The Commonwealth challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This Court is guided by section 9781(b) of the Judicial Code which provides:

> > The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code.]

*Commonwealth v. Childs*, 445 Pa.Super. 32, 664 A.2d 994, 995–996 (1995), *appeal denied*, 544 Pa. 601, 674 A.2d 1066 (1996).

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.2004). First, the petitioner must set forth in its brief a concise statement of the reasons relied upon for allowance of appeal. Pa. R.A.P. 2119(f). Second, the petitioner must demonstrate that a substantial question exists as to whether the sentence imposed is inappropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17, 20 (1987). This Court has found that a substantial question exists 'when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process.' *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa.Super.2005), *aff'd*, 590 Pa. 480, 913 A.2d 207 (2006) (citations and internal quotation marks omitted).

*Commonwealth v. Hoch,* 936 A.2d 515, 518 (Pa.Super.2007).

¶ 5 The Commonwealth has complied with the procedural requirements enunciated by our supreme court in *Tuladziecki, supra.* Therefore, we must determine whether the Commonwealth has raised the appearance of a substantial question as to whether the sentence imposed is appropriate under the Sentencing Code. 42 Pa. C.S.A. § 9781(b); *Childs, supra* at 996, citing *Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371, 374 (1988), *appeal denied,* 525 Pa. 642, 581 A.2d 568 (1990). In its Rule 2119(f) statement, the Commonwealth asserts that the trial court violated the Sentencing Code when it failed to state reasons on the record for appellee's 23–month probationary sentence at count 1–B. (Commonwealth's brief at 7–8.) The Commonwealth further contends that despite the trial court's finding that the probationary sentence was within the standard range, it was, in fact, below the guidelines. *(Id.)*

¶ 6 This court has found that a claim the trial court failed to state its reasons for deviating from the guidelines presents a substantial question for review. *Hoch, supra; Commonwealth v. Wagner,* 702 A.2d 1084, 1086 (Pa.Super.1997) ("a claim that the sentencing court did not adequately explain its reasons for sentencing outside of the sentencing guidelines does raise a substantial question which may be reviewed on appeal"), citing *Commonwealth v. Impellizzeri,* 443 Pa.Super. 296, 661 A.2d 422 (1995), *appeal denied,* 543 Pa. 725, 673 A.2d 332 (1996). Accordingly, we will grant the Commonwealth allowance of appeal and will review the discretionary aspects of appellee's sentence.

Our standard of review in sentencing matters is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Hoch, supra* at 517–518, quoting *Commonwealth v. Shugars,* 895 A.2d 1270, 1275 (Pa.Super.2006) (citation omitted).

The sentencing court is permitted to deviate from the sentencing guidelines; however, the court must place on the record its reasons for the deviation. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Byrd,* 441 Pa.Super. 351, 657 A.2d 961 (1995). In sentencing outside of the guidelines, the court must demonstrate that it understands the sentencing guidelines ranges. *Id.; Commonwealth v. Johnson,* 446 Pa.Super. 192, 666 A.2d 690 (1995); *Commonwealth v. Frazier,* 347 Pa.Super. 64, 500 A.2d 158 (1985); *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984). 'Where the trial judge deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range.' *Commonwealth v. Royer,* 328 Pa.Super. at 70–71, 476 A.2d at 457.

*Wagner, supra* at 1086; *see also Childs, supra* at 996 ("[the sentencing court] retains the discretion to sentence below the mitigated range as long as it clearly ex-

plains the reasons for doing so."), citing *Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914, 917 n. 3 (1994); 204 Pa.Code § 303.13(c) ("When the court imposes an aggravated or mitigated sentence, it shall state the reasons on the record and on the Guideline Sentence Form. . . .").

■ ¶ 7 First, we agree with the Commonwealth that the trial court was mistaken when it believed it imposed a standard range sentence at count 1–B, where clearly it did not. (Commonwealth's brief at 11.) Involuntary manslaughter is a misdemeanor of the first degree with an offense gravity score of 6; appellee had a prior record score of zero. The offense carries a statutory maximum sentence of 60 months' incarceration, with a standard range of 3 to 12 months, aggravated range up to 18 months, and mitigated range of RS (restorative sanctions). On count 1–A, appellee's sentence of 9 to 23 months' incarceration fell within the standard range of the guidelines; however, his consecutive sentence of 23 months' supervised probation on count 1–B was unequivocally a mitigated range sentence, as indicated on the guideline form. (Docket No. 29 p. 2.) *See Wagner, supra* at 1086 (restorative sanctions are non-confinement sentencing options such as community service and probation).

¶ 8 For whatever reason, the trial court was under the impression that it imposed a standard range sentence.

MR. KEATING [Attorney for the Commonwealth]: Your Honor, the sentence at 1–B is a mitigated range sentence. And I believe you have to put the reason for the mitigation on the record.

THE COURT: I believe I do not, Mr. Keating, because it's not a mitigated range.

Notes of testimony, sentencing, 7/22/08 at 6. In denying the Commonwealth's post-sentence motions, the trial court reiterated its belief that appellee received a standard range sentence, and again in its Rule 1925(a) opinion. (*See* trial court opinion, 9/25/08 at 2 ("Furthermore, since our aggregate sentence was a standard range sentence, 204 Pa.Code § 303.13(c) was not applicable.").)[1]

¶ 9 As the Commonwealth states, there were mitigating factors introduced at sentencing on appellee's behalf, but the court did not expressly adopt any of them, except to note that "you've never been in trouble before," something already taken into account in appellee's prior record score. (Notes of testimony, sentencing, 7/22/08 at 4.) For example, it was brought out at sentencing that appellee was extremely remorseful; was fully employed; cooperated with the victims' attorney in the civil lawsuit; and was continuing to cooperate with the state attorney general's office in a related ongoing investigation. (*Id.* at 2–3.) However, it was incumbent upon the court to explicitly rely on one or more of these reasons in handing down a below-guidelines sentence; nor were any reasons listed on the Guideline Sentence Form required to be transmitted to the sentencing commission by Section 303.13(c), despite the fact the form specifically indicated the sentence at count 1–B was "Mitigated." (Docket No. 29 p. 2.) For these reasons, it is necessary to vacate appellee's sentence and remand for resentencing.

1. It is unclear what the trial court means by the "aggregate sentence" falling in the standard range, since there were two separate counts of involuntary manslaughter relating to two different victims. The standard range on *each count*, not in the aggregate, was 3–12 months.

¶ 10 We briefly address Garcia–Rivera's counter-argument on appeal, in which he contends that his sentence is a "legal nullity" because the trial court was without power to impose multiple sentences where multiple persons were killed in a single accident. (Appellee's brief at 3.) The case relied upon by appellee for this proposition, *Commonwealth v. Guiliano,* 274 Pa.Super. 419, 418 A.2d 476 (1980), while not directly overruled, is no longer good law for the reasons discussed *infra.* At any rate, it is a curious argument, since if Garcia–Rivera were correct that his sentence is a "legal nullity," it would still be necessary to remand for resentencing. Garcia–Rivera did not take a cross-appeal from his judgment of sentence. Nevertheless, it is well-established that a claim implicating the legality of sentencing is non-waivable and can even be raised by this court *sua sponte. Commonwealth v. Berry,* 877 A.2d 479, 482–483 (Pa.Super.2005) *(en banc), appeal denied,* 591 Pa. 688, 917 A.2d 844 (2007) (a claim sentences should merge is a challenge to the legality of the sentence and is never waived, meaning this court may entertain such a challenge so long as we have jurisdiction to hear the claim) (citations omitted); *id.* at 486–487 ("issues concerning legality of sentence are non-waivable and may be reviewed by our Court *sua sponte* ") (Klein, J., dissenting) (citations omitted). Although Garcia–Rivera is not the appellant in this case, the matter is squarely before this court; and to the extent his argument relies on an allegation that the trial court was statutorily barred from imposing multiple sentences, Garcia–Rivera advances a claim of illegal sentence which must be addressed. *Id.* at 482–483 ("if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction"), quoting *Commonwealth v. Lipinski,* 841 A.2d 537, 539 (Pa.Super.2004). Therefore, we will briefly dispose of the issue so that there is no confusion on remand.

¶ 11 In *Guiliano,* the appellant/driver killed two passengers in a car accident. He was convicted of two counts of involuntary manslaughter and received consecutive sentences of 9 to 18 months' imprisonment on each count. *Id.* at 478. On appeal, the appellant argued his sentence was illegal, and this court agreed, stating that, "It has long been the law in this Commonwealth that in cases of involuntary manslaughter in which more than one person is killed in a single accident, only one sentence may be imposed." *Id.* at 480 (citations omitted).

¶ 12 Later, in *Commonwealth v. Zaengle,* 332 Pa.Super. 137, 480 A.2d 1224 (1984), *vacated by* 508 Pa. 355, 497 A.2d 1330 (1985), we applied the same rule to homicide by vehicle cases, specifically where the appellant, who also pled guilty to driving under the influence, was involved in a one-car accident resulting in the deaths of the three passengers in his vehicle. The *Zaengle* court held that the appellant committed only one unlawful act and the sentencing court had no power to impose more than one sentence, citing to the *Guiliano* line of cases. *Id.* at 1228. We reasoned that the law as to involuntary manslaughter cases had been clear since 1928, and that if the legislature had intended a different result in homicide by vehicle cases, it would have so stated in clear and unambiguous language. *Id.* at 1227.

¶ 13 A few months after *Zaengle* was decided, the Pennsylvania Supreme Court handed down *Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984), in which it held that the trial court could impose consecutive terms for each of nine counts of recklessly endangering another person ("REAP"), where the defendant drove his car through a crowded intersection and seriously injured nine pedestrians. *Id.* at

463–464, 485 A.2d at 1099.[2] The *Frisbie* court recognized that "in resolving the issue of whether a single act which injures multiple victims can be the basis for multiple sentences, our task is to simply determine whether the legislature intended that each injury constitute a separate offense." *Id.* at 466, 485 A.2d at 1100. The REAP statute, 18 Pa.C.S.A. § 2705, provides that, "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place *another person* in danger of death or serious bodily injury." *Id.,* quoting 18 Pa.C.S.A. § 2705 (emphasis in *Frisbie* ).

¶ 14 "Construing this language according to the fair import of [its] terms, we conclude that § 2705 was written with regard to *an individual person* being placed in danger of death or serious bodily injury, and that a separate offense is committed for each individual person placed in such danger." *Id.* (internal quotation marks omitted) (emphasis in original). Our supreme court distinguished those statutes where the legislature has expressly precluded multiple punishments for multiple injuries resulting from a single act, *e.g.,* § 2707 of the Crimes Code (making it a crime to throw any deadly or dangerous missile such as a rock or brick into a vehicle occupied by *one or more persons* ); § 2710 (making it a crime to commit certain offenses with malicious intention toward the race, color, religion, *etc.* of *another individual or group of individuals).* *Id.* at 466–467, 485 A.2d at 1100. The court in *Frisbie* reasoned that if the legislature had intended to preclude multiple punishments for REAP, the statute would read: "a person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or

may place *another person or persons* in danger of death or serious bodily injury." *Id.* at 467, 485 A.2d at 1100 (emphasis in original).

¶ 15 Our supreme court remanded this court's prior decision in *Zaengle, supra,* for proceedings consistent with *Frisbie.* On remand, this court held that the legislature did authorize multiple sentences for multiple deaths resulting from a single violation of 75 Pa.C.S.A. § 3732, the homicide by vehicle statute, where the operative language of that section penalizes "(a)ny person who unintentionally causes *the death of another person." Commonwealth v. Zaengle,* 345 Pa.Super. 124, 497 A.2d 1335 (1985) (emphasis in *Zaengle).* We therefore reinstated the sentences imposed by the trial court. *Id.*

¶ 16 In the case *sub judice,* the involuntary manslaughter statute provides:

(a) **General rule.**—A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes *the death of another person.*

18 Pa.C.S.A. § 2504(a) (emphasis added). While *Guiliano* may not have been overruled, it clearly cannot survive *Frisbie.* The plain language of the statute indicates that the legislature has authorized multiple punishments for multiple deaths arising from a single act violating § 2504. Therefore, the trial court did not err in imposing multiple, consecutive sentences for each of the two victims killed in the automobile accident.

2.  Our supreme court reversed this court's decision, which had held that Frisbie's " 'single action' of 'propell[ing]' his vehicle forward through a crowd of persons causing injury to numerous persons ... [could] support but one sentence.' " *Id.* at 464, 485 A.2d at 1099, quoting *Commonwealth v. Frisbie,* 318 Pa.Super. 168, 464 A.2d 1283, 1288 (1983).

¶ 17 While we disagree with Garcia–Rivera's contention on appeal that the trial court was precluded from imposing multiple sentences for multiple victims where a single accident occurred, the record indicates that the Commonwealth is correct that the trial court did not elucidate any reasons to support its imposition of a mitigated range sentence at count 1–B. Therefore, it is necessary to remand for resentencing. As the Commonwealth states, the issue here is not whether a downward deviation from the guideline ranges is justified, only that the trial court failed to put reasons on the record to support it.

¶ 18 Judgment of sentence vacated. Remanded for resentencing consistent with this Opinion. Jurisdiction relinquished.