J. S36030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW ANGLE | : | |
| | : | |
| Appellant | : | No. 1281 MDA 2015 |

Appeal from the Judgment of Sentence February 11, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division No(s): CP-21-CR-0000339-2013
CP-21-CR-0000340-2013
CP-21-CR-0002350-2013

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 03, 2016**

Appellant, Andrew Angle, appeals from the Judgment of Sentence
entered on February 11, 2014, in the Court of Common Pleas of Cumberland
County following his guilty plea to three counts of Receiving Stolen
Property.[1]  After careful review, we dismiss the appeal.

A detailed recitation of the facts is not necessary to our disposition.  In
his counseled appellate Brief, Appellant failed to comply with the
requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable
to conduct meaningful appellate review.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101.

Our review of Appellant's Brief exposes substantial violations of the Rules of Appellate Procedure. Initially, the "Statement of Jurisdiction" fails to "contain a precise citation to the statutory provision, general rule or other authority believed to confer on the appellate court jurisdiction to review the order or other determination" in compliance with Pa.R.A.P. 2114. Appellant's Brief at 4.

Next, in the "Scope and Standard of Review" section, Appellant fails to state the appropriate scope of review and fails to provide citations to any supporting authority regarding the scope of review. ***See*** Pa.R.A.P. 2111(a)(3); Appellant's Brief at 5.

Appellant includes a statement of the questions involved section pursuant to Pa.R.A.P. 2116(a), which is entitled "DETERMINATION IN QUESTION," and raises the following issues:

A. Did the Lower Court abuse its discretion in allowing the testimony of Ms. Evelyn Berkholz as to the monetary value of certain items of jewelry that she claimed to have been stolen from her house by the Appellant?

B. Where the Appellant was sentenced to 2 to 14 years in a state correctional institution for receiving stolen property (F3) and the Sentencing Guidelines provided for a standard range of 6 to 16 months (aggravated Range 12), was the defense counsel ineffective in not moving for reconsideration of the

sentence on the grounds of disproportionate sentencing or in the alternative, did the Lower Court abuse its discretion in issuing a sentence that was well beyond the Sentencing Guidelines?

Appellant's Brief at 6.

Appellant's "Statement of the Case" is only two sentences long, fails to cite to the record, and fails to include **any** factual or procedural history as required by Pa.R.A.P. 2117. Appellant's Brief at 7.

Appellant does not include a "Summary of Argument" section as required by Pa.R.A.P. 2118. More importantly, Appellant's "Argument" section contains numerous defects and fails to comply with Pa.R.A.P. 2119. Appellant references evidence from the record numerous times, but only provides a specific cite to the record two times. *See* Pa.R.A.P. 2119(c) and (d); Appellant's Brief at 8-10. Appellant provides two citations to rules of evidence and one citation to case law but fails to engage in meaningful discussion or analysis of any authority that he cites. *See* Pa.R.A.P. 126; *see also* 2119(a)-(d); Appellant's Brief at 8-10.

Lastly, Appellant fails to comply with Pa.R.A.P. 2119(f), which requires Appellant to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Appellant asserts that the "lower court abused its discretion in issuing a sentence that is well beyond the sentencing guidelines," which is a challenge to the discretionary aspects of the sentence, but fails to include a separate section pursuant to

Pa.R.A.P. 2119(f).  **See Commonwealth v. Garcia-Rivera**, 983 A.2d 777, 779 (Pa. Super. 2009) (stating that a challenge to the sentencing court's imposition of a sentence outside of the sentencing guidelines is a challenge to the discretionary aspects of the sentence).

These substantial omissions and defects preclude meaningful review. Accordingly, we suppress Appellant's Brief and dismiss his appeal.  **See Adams, supra** at 497-98; Pa.R.A.P. 2101.

Appeal dismissed.

President Judge Emeritus Stevens joins this Memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016