J-S45032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN PATRICK MCHUGH | : | |
| | : | |
| Appellant | : | No. 2534 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005884-2017

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 09, 2019**

Ryan Patrick McHugh (McHugh) appeals from the judgment of sentence imposed following his entry of a guilty plea in the Court of Common Pleas of Philadelphia County (trial court) to aggravated assault by vehicle while driving under the influence, driving under the influence of a controlled substance, homicide by vehicle while driving under the influence, and homicide by vehicle.[1] We affirm.

We derive the following facts and procedural history from the trial court's September 26, 2018 opinion and our independent review of the record. On February 2, 2018, McHugh pleaded guilty to the above-listed offenses. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3735.1(a), 3802(d)(1)(iii), 3735(a), and 3732(a).

charges stem from his striking and killing of a twenty-eight-year old woman, Rosa Rojas, while she was walking on a sidewalk with her two children after exiting a restaurant. Although Rojas attempted to push her children out of the path of McHugh's oncoming vehicle, it struck and seriously injured her eight-year old son. McHugh was under the influence of marijuana, Xanax, Fentanyl and Methadone at the time. On July 18, 2018, after preparation of a pre-sentence investigation report (PSI), the trial court sentenced McHugh to an aggregate term of not less than twelve and one-half nor more than twenty-five years' incarceration.[2] McHugh timely appealed, following the court's denial of his post-sentence motion. McHugh and the trial court complied with Rule 1925(b). *See* Pa.R.A.P. 1925(a), (b).

McHugh raises two issues on appeal challenging the discretionary aspects of his sentence. (*See* McHugh's Brief, at 3). Specifically, he claims the court imposed a manifestly excessive sentence without adequately considering his long history of heroin and prescription pill addition, his expression of remorse, and his acceptance of responsibility for his offenses. (*See id.* at 16-17). McHugh also argues that the court imposed a sentence that deviated from the Sentencing Guidelines without providing adequate

---

[2] Relevant to McHugh's claims herein, the court sentenced him to a minimum term of forty-two months' incarceration on the homicide by vehicle charge. (*See* N.T. Sentencing, 7/18/19, at 43; McHugh's Brief, at 17).

reasons on the record. (**See id.** at 17-18). We begin by setting forth the applicable legal principles.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa. Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019) (citation omitted). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** (citation omitted). "We conduct this four-part test to determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." **Id.** (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Nevels**, 203 A.3d 229, 246 (Pa. Super. 2019) (citation omitted).

Instantly, McHugh has complied with the first three prongs of this test by raising his claims in a timely post-sentence motion, filing a timely notice of appeal, and including a Rule 2119(f) concise statement in his brief. McHugh's excessiveness claim in conjunction with his assertion that the court did not

adequately consider mitigating factors presents a substantial question. *See*

***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015).

Additionally, his claim that "the trial court failed to state its reasons for

deviating from the [sentencing] guidelines presents a substantial question for

review." ***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super.

2009) (citation omitted). We will, therefore, address his issues on the merits.[3]

As noted, in arguing that his sentence is excessive, McHugh focuses on

mitigating factors, specifically, his long history of substance abuse, his

remorse, and acceptance of responsibility for his actions. (*See* McHugh's

Brief, at 16-17). McHugh also maintains that the court deviated from the

_____

[3] Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge. The standard employed when reviewing the
> discretionary aspects of sentencing is very narrow. We may
> reverse only if the sentencing court abused its discretion or
> committed an error of law. A sentence will not be disturbed on
> appeal absent a manifest abuse of discretion. In this context, an
> abuse of discretion is not shown merely by an error in judgment.
> Rather, the appellant must establish, by reference to the record,
> that the sentencing court ignored or misapplied the law, exercised
> its judgment for reasons of partiality, prejudice, bias or ill will, or
> arrived at a manifestly unreasonable decision. We must accord
> the sentencing court's decision great weight because it was in the
> best position to review the defendant's character, defiance or
> indifference, and the overall effect and nature of the crime.

***Nevels***, ***supra*** at 247 (citation omitted).

- 4 -

guidelines without placing adequate reasons on the record. (**See id.** at 17-18).[4]

The record reflects that at sentencing, the trial court heard from defense counsel regarding McHugh's lengthy struggle with heroin and prescription drug addiction and his willingness to accept responsibility for his offenses. (**See** N.T. Sentencing, 7/18/18, at 35-36). McHugh also expressed his remorsefulness, stating, "from the bottom of my heart, I am truly sorry." (**Id.** at 38). The court then sentenced McHugh within the guidelines to a sentence both defense counsel and the Commonwealth agreed on, explaining:

> Mr. McHugh, speaking from my own heart, I'm at least pleased that you have the decency to express your truthful sorrow and the way you truly feel about the loss for everyone involved.
>
> And I agree that two of the biggest losers are your own children; I agree with that.
>
> But no one has lost as much as the two children of this heroic woman.
>
> Your words are inadequate, but at least they were presented in what I view as a meaningful fashion.
>
> The Commonwealth has placed on the record what the guidelines are in this case, and the Commonwealth made its recommendation.
>
> Your attorney has joined in that recommendation.

_____

[4] To the extent McHugh challenges the court's imposition of consecutive sentences, this issue is waived for his failure to raise it in his post-sentence motion. (**See** Motion to Modify and Reduce Sentence, 7/23/18, at 1-2); **Zeigler**, **supra** at 662.

> **The sentences recommended in this case are guideline sentences** and do comply with the guidelines for tragedies such as this.
>
> As inadequate as the guidelines may seem to family members, the guidelines are appropriate for cases, even cases with tragic instances.

(**Id.** at 42-43; **see also id.** at 35-36) (emphasis added).

The record, therefore, demonstrates that the trial court formulated its sentence, taking into consideration all relevant mitigating information in McHugh's personal history. Further, because the court considered a PSI report, it is presumed that it adequately considered relevant mitigating factors. **See Zeigler**, **supra** at 662.

Finally, the record belies McHugh's claim that the court deviated from the guidelines without providing sufficient reasons; the sentence was plainly within the guidelines and the court fully explained its sentence. With regard to McHugh's contention regarding the minimum sentence for the homicide by vehicle offense, *i.e.*, that forty-two months was above the twenty-seven to thirty-three month guideline range, he neglects to point out that the range is plus or minus twelve months. (**See** Commonwealth's Sentencing Memorandum, 6/29/18, at 9; Trial Ct. Op., at 4). Because we discern no abuse of discretion in the court's imposition of McHugh's sentence, his challenges thereto fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/19</u>