J-S22012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELINA JAY TATEM | : | |
| | : | |
| Appellant | : | No. 1855 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 9, 2019
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000052-2019

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED MAY 22, 2020**

Appellant, Angelina Jay Tatem, appeals from the judgment of sentence entered on October 9, 2019, as made final by the denial of her post-sentence motion on October 22, 2019, following her guilty plea to drug delivery resulting in death.[1]  We affirm.

The trial court accurately summarized the relevant factual and procedural history of this case as follows.

> On or about March 14, 2018, [police authorities filed a criminal complaint against Appellant for possession of a controlled substance and possession of drug paraphernalia.]  According to the affidavit of probable cause, in February [] 2018[, the Tunkhannock Borough Police received] numerous complaints . . . from neighbors of a residence located [along] Maple Avenue in Tunkhannock Borough, Wyoming County, Pennsylvania (hereafter[,]  "the residence")[.  Specifically, the neighbors

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2506(a).

complained] of suspicious activity . . . consisting of numerous different vehicles frequenting the residence, entering the same, staying for a minute then leaving, all at extremely late hours. At that time, the residence was occupied by Levi McDermott (hereafter[,] "McDermott") and his girlfriend, [Appellant]. The affidavit of probable cause [also stated] that in March [] 2018, subsequent investigation revealed the existence of a bench warrant for [Appellant] by Luzerne County Court of Common Pleas for her failure to appear relative to numerous violations of the Controlled Substance, Drug, Device and Cosmetic Act. On March 14, 2018, the Tunkhannock Borough Police Department, together with the affiant of the affidavit of probable cause, attempted to execute arrest warrants for McDermott and [Appellant] at the residence. Upon arrival, the second-floor lights were observed to be on and there was fresh snow on the ground, which revealed no [footprints], indicating that [no one had recently departed] the residence. The officers repeatedly knocked on the residence, to no avail. As such, [the] Tunkhannock Borough Police Officer[s] remained close to the residence while the affiant prepared a search warrant and search warrant affidavit. A search warrant was [eventually] obtained[.]

\*\*\*

[Thereafter,] the affiant[,] with the assistance of Tunkhannock Borough Police Department again knocked on the door of the residence. [Receiving] no response, the affiant contacted the landlord, who opened the front door with a key. However, the occupants of the residence [] secured the door with a chain. The officers used a bolt cutter to obtain access [and] found [Appellant] located in a bedroom of the residence. [Appellant] was taken into custody on the bench warrant and placed in the back of a police cruiser while [they] executed the search warrant[.] As a result of the search[,] officers located numerous knives, hundreds of bags of heroin packets, syringes, cash, [and] various cell phones, among other things. Based upon the search warrant, [the police charged Appellant with drug-related offenses.]

On April 4, 2018[,] following a preliminary arraignment, bail in the matter was set for [$10,000.00] unsecured by Magisterial District Judge Carl Smith, with a condition that [Appellant] refrain from criminal activity. On or about December 20, 201[8], the Commonwealth filed a motion for bail modification which alleged that[,] while on bail, [Appellant] admitted to selling heroin to five [] people, with some of those deliveries involving Fentanyl and

one of those deliveries resulting in a death[.] [Appellant] did not deny the allegations in said motion . . . and[,] as such, [Appellant's] bail was reset in the amount of [$1,000,000] by court order dated December 20, 2018.

[In April 2019,] another criminal information was filed against [Appellant] charging [her] with [multiple] offenses based upon her course of conduct between [] October 8, 2018 and [] December 20, 2018. … According to the criminal information, [Appellant] intentionally delivered [] controlled substance[s], namely Fentanyl and heroin, to Samantha Delesky[, resulting in] her death[.] On August 1, 2019, [Appellant] entered a guilty plea agreement wherein she pleaded guilty to drug delivery resulting in death[. Appellant's other charges were *nolle prossed* or withdrawn].

[Appellant] was sentenced on October 9, 2019 to pay the cost of prosecution, pay a fine [of $5,000 and pay $5,498.95 in restitution. The trial court also sentenced Appellant to 90 to 240 months' incarceration. Appellant filed a post-sentence motion on October 17, 2019, which the trial court denied on October 22, 2019. This timely appeal followed.[2]]

Trial Court Opinion, 12/16/19, at 1-4 (superfluous capitalization omitted) (footnote added).

Appellant raises the following issue on appeal:

Did the sentencing court err in [imposing] an aggravated [range] sentence that is clearly unreasonable based upon the stated reasoning of the sentencing court?

Appellant's Brief at 8.

_____

[2] Appellant filed a notice of appeal on November 8, 2019. On November 13, 2019, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 16, 2019.

Appellant argues that the trial court abused its discretion "when it sentenced [her] to an [a]ggravate[d range] sentence" based upon "insufficient" reasoning. *Id.* at 13. Specifically, Appellant claims that her aggravated range sentence was clearly unreasonable in view of her many expressions of remorse, her issues with opioid addiction, her tandem drug use with the victim, and her prior record score of zero.

Appellant's issue implicates the discretionary aspects of sentencing. As this Court previously explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted).

Herein, Appellant filed a timely notice of appeal, preserved her challenge by filing a post-sentence motion on October 17, 2019, and included a Rule 2119(f) statement in her appellate brief. Moreover, a claim alleging that the trial court offered insufficient reasons to support the imposition of an aggravated range sentence raises a substantial question. ***See***

***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008), *appeal denied*, 13 A.3d 474 (Pa. 2010).   Thus, Appellant met the "threshold requirements" which enables us to exercise jurisdiction and we may "accept the appeal and proceed to the merits."   ***Commonwealth v. Flowers***, 149 A.3d 867, 870–872 (Pa. Super. 2016).

Our standard of review in sentencing matters is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).   Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c) and (d).  Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Upon review of the certified record, we conclude that the trial court did not abuse its discretion in sentencing Appellant in the aggravated range. In imposing Appellant's sentence, the trial court relied upon her pre-sentence investigation ("PSI") report. Trial Court Opinion, 12/16/19, at 5. Thus, we may presume that the trial court "was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Hill*, 210 A.3d 1104, 1116-1117, *appeal denied*, 220 A.3d 1066 (Pa. 2019). In addition, during sentencing, the trial court stated the following reason for Appellant's sentence:

[Appellant] acted in careless disregard for human life and any lessor o[f] a sentence would depreciate the seriousness of [Appellant's] actions.

Sentencing Hearing, 10/9/19, at 14.  Here, the record reflects that the trial court considered Appellant's history of involvement with narcotics,[3] the impact of her criminal activity upon the community and the life of the victim, and the justifications for a lengthier sentence to address Appellant's rehabilitative needs in view of the tragic consequences of her behavior.  As such, the record supports the cogent and persuasive reasons the trial court offered for imposing an aggravated range sentence.  Accordingly, we perceive no abuse of discretion.

Judgement of sentence affirmed.

---

[3] It is undisputed that Appellant's prior record score was zero.  It is also undisputed, however, that the events leading up to her guilty plea involved significant involvement in drug-related activity.  As stated above, prior to Appellant's arrest, preliminary investigation revealed that Luzerne County Court of Common Pleas issued a bench warrant after she failed to appear for "numerous violations of the Controlled Substance, Drug, Device and Cosmetic Act."  Trial Court Opinion, 12/16/19, at 2.  After Appellant's arrest, the Tunkhannock Borough Police Officers executed a search warrant at the residence, which resulted in Appellant being criminally charged with possession of a controlled substance and possession of drug paraphernalia.  Then, while Appellant was on bail, she engaged in more drug-related activity, which included selling drugs to multiple individuals, resulting in Samantha Delesky's death.  Accordingly, despite Appellant's prior record score of zero, it is clear that she has a "history of drug-related [] offenses" that caused the trial court to impose a sentence in the aggravated range.  *Id.* at 5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/22/2020