J-S45039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYLER SCOTT EBNER | : | No. 420 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 3, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005610-2019

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: FEBRUARY 21, 2024**

The Commonwealth, Appellant, appeals from the Judgment of Sentence entered in the York County Court of Common Pleas on February 3, 2023, which explicably sentenced Defendant/Appellee, Tyler Ebner, to one year house arrest and five years' restrictive probation. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On March 11, 2019, Defendant was observed by a police officer delivering .07 grams of fentanyl and heroin to another individual. R.R. at 4. On February 25, 2020, Defendant pleaded guilty and was conditionally admitted into Drug Wellness Court. N.T., 2/25/20, at 8. Sentencing was deferred pending his completion of Drug Wellness Court. While in Drug Wellness Court, Defendant relapsed and completed more inpatient and outpatient treatment at varying levels of

_____

[*] Former Justice specially assigned to the Superior Court.

success. PSI Report at 3. Also while in Wellness Court, Defendant obtained disorderly conduct charges. *Id.* at 4. Defendant was notified of removal from drug court pending a hearing based on violations of his supervision. Defendant waived the removal hearing, was removed from Drug Wellness Court, and a pre-sentence investigation was conducted. R.R. at 18.

Defendant had a prior record score of three based on a 2012 PWID conviction and a misdemeanor theft charge. PSI Report at 6. The offense gravity score was nine. *Id*. The standard guideline range was 30 to 42 months incarceration plus or minus 12 months for the aggravated and mitigated ranges, respectively. *Id*. Adult Probation Officer Holly Baer completed the report and recommended a sentence of 30 to 54 months incarceration. *Id.* at 8. On February 3, 2023, the Honorable Amber A. Kraft sentenced Defendant to one year house arrest and five years' restrictive probation. N.T., 2/3/23, at 35. The Commonwealth filed a timely post-sentence motion. That motion was denied on March 2, 2023, and this timely appeal followed. The Commonwealth complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement preserving the issues presented on appeal. The Commonwealth presents this issue:

> Did the trial court abuse its discretion and ignore the fundamental norms of sentencing by imposing an overly-lenient and unreasonable sentence of five years of restrictive probation with one year of house arrest for Defendant's second PWID conviction where both a mitigated and standard range sentence called for state incarceration[?]

Appellant's brief at 4.

As we have observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." ***Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***.

Here, the Commonwealth filed a timely appeal, and preserved its contentions in a post-sentence motion and Pa.R.A.P. 1925(b) statement. Additionally, it presented a Pa.R.A.P. 2119(f) statement in its brief. ***See*** Appellant's Br. at 15. It complains that since the Defendant was twice discharged from Drug Wellness Court, a below-mitigation range sentence is inappropriate. A position that the sentencing court unreasonably deviated from the applicable guideline range and imposed an excessively lenient sentence raises a substantial question. ***See, e.g., Commonwealth v. Childs***, 664 A.2d 994, 996 (Pa. Super. 1995). We thus find that the Commonwealth has properly invoked our jurisdiction, and we will address the merits of the Commonwealth's issues on appeal. We note that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*McLaine, supra* at 75-76.

The Commonwealth argues that since Defendant was twice discharged from Drug Wellness Court, a below-mitigation range sentence is improper. Specifically, the Commonwealth asserts that the trial court's sentence was inconsistent with the sentencing factors in 42 Pa.C.S. § 9721(b) because the sentencing court placed too much emphasis on rehabilitative factors, thus imposing an overly lenient sentence. Appellant's Br. at 20. A sentencing court is permitted to deviate from the sentences recommended in the guidelines, as they are merely advisory. *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007); *McLaine, supra*. When a court does sentence outside the guidelines, it "must place on the record its reasons for the deviation." *Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

Our Supreme Court has stated that the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Walls*, 926 A.2d at

961 (citation and quotation marks omitted). It further opined that a sentencing court is in a superior position than this Court when deciding on an appropriate sentence because it observes if the defendant is remorseful or indifferent. "Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." ***Id***.

Our Supreme Court noted that this Court's ability to review a sentence is constrained by 42 Pa.C.S. § 9781(c). That statute provides that we can vacate a sentence and remand for re-sentencing only if we find 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) a sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or 3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." ***Id***. Thus, in this case, we may reverse the sentence if it is "unreasonable." Our Supreme Court has stated that "'unreasonable' commonly connotes a decision that is 'irrational' or not guided by sound judgment," and that reversal of a sentence on grounds of unreasonableness should "occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review." ***Walls***, 926 A.2d at 963.

This Court can find a sentence not guided by sound judgment or irrational in only two situations. First, it is unreasonable if the sentencing court did not weigh the "general standards applicable to sentencing found in Section 9721, i.e., the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b)." *Id.* at 964; *see* 42 Pa.C.S. § 9721(b) (stating that in determining whether to impose a sentence of imprisonment, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

In the present case, while the Commonwealth's argument that the sentence is "overly lenient" has merit, the sentencing court had the benefit of a presentence report which stated the applicable sentencing guidelines based on Defendant's prior record score and the offense gravity score. PSI Report at 6. Since a pre-sentence investigation was conducted, we must presume that the sentencing court weighed the § 9721(b) factors. **Commonwealth v. Devers**, 519 Pa. 88, 546 A.2d 12 (Pa. 1988) (when a court has a pre-sentence report we are required to presume that it weighed the pertinent sentencing considerations).

Second, we are allowed to reverse a departure sentence if it is unreasonable under the guidelines provided by 42 Pa.C.S. § 9781(d):

In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.
(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3) The findings upon which the sentence was based.
(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

We cannot conclude that the court's stated reasons for its sentence established that the sentence was irrational or not guided by sound judgment. The record reveals that the court carefully considered all relevant sentencing factors in sentencing Defendant.[1] Cognizant of the sentencing guidelines, the trial court stated on the record its system of sentencing an individual in Drug Wellness Court. Tr. Ct. Op. at 5; N.T., 2/3/23, at 32. The trial court stated,

> When I sentence somebody in Drug Wellness Court, I look at the progress that they've made and I sentence based on that. If I have somebody who is right in the same spot where they started, I think a standard range sentence is appropriate. If I have someone who deals drugs while they're in drug court I'm going to aggravate their sentence, everybody knows that.

N.T., 2/3/23, at 33. The trial court stated, "from my perspective, I've seen a tremendous amount of growth in Tyler, a tremendous amount. Especially from where he started to where he is now. And that started before he was facing removal, from my perspective." *Id.* at 32.

---

[1] We cannot substitute our judgment for that of the trial court absent a manifestly unreasonable decision. *McLaine, supra.* We note, however, that the trial court instructed Appellant that if he were to "screw up" again, he would go to state prison. N.T., 2/3/23, at 33. We expect that the trial court will comply with its instruction if or when circumstances necessitate it.

The trial court went on to state, "my reasons for mitigating the sentence are numerous." *Id.* at 33-34. The trial court, being in the superior position to determine the penalty and observe Defendant's demeanor, opined that Defendant is a very different person from who he used to be. *Id.* at 34. Regarding the characteristics of Defendant, the trial court placed weight on the fact that Defendant maintained employment with a reputable company for a significant period of time, and credited the letter from Defendant's employer that stated he shows up for work. The trial court listed as another mitigating factor that Defendant supports five children and has been able to bring his family back together, and brings them to church. The court found that he is a productive member of society. While the court acknowledged that Defendant has relapsed, the court rationed that because Defendant immediately called his sponsor and restarted the 12-Step Program, his response to his relapse shows a significant amount of progress in his recovery. *Id.* at 32-35.

Moreover, as the trial court states, it had the opportunity to hear testimony from multiple members of Defendant's recovery community and Defendant's probation officer, all of whom indicated a positive change in his behavior. Tr. Ct. Op. at 4. It credited Officer's Baer's testimony that Defendant has been showing up, being honest, and not absconding. N.T., 2/3/23, at 10. The court found that Defendant surrounds himself with a strong support network. Finally, the court did not "believe that incarceration would serve our community in any way, shape or form" because Defendant is not a threat to the community. *Id.* at 35.

The trial court observed and heard Appellee's testimony and had the unique ability to ascertain whether his expressions of regret were genuine. Additionally, it relied upon the aforementioned presentence investigation. The findings upon which the sentence was based are supported by the record, and the guidelines, as noted, are not mandatory.

We are aware that the court relied upon Defendant's continued employment as an "impactful" and "extremely relevant" mitigating factor justifying sentencing him outside the guidelines. N.T., 2/3/23, at 34. The Commonwealth argues that this was improper because Defendant's lack of employment was not a contributing factor to his criminal activity. Appellant's Br. at 30. Defendant was working a job at the time and admitted that his paycheck went entirely to his using drugs. N.T., 2/25/20, at 4. When an opportunity arose for him to buy and sell drugs—the instance leading to his PWID charge to which he pled guilty in 2020—he took the opportunity despite having a job. *Id*. The Commonwealth's brief states, "In fact, Defendant, despite maintaining employment since August 1, 2022, obtained new charges during that time period as well as relapsed on cocaine." Appellant's Br. at 31.

However, to whatever extent Defendant's employment was weighed as a mitigating factor, the sentencing court also articulated other, valid reasons for sentencing below the mitigated range. Since the sentencing court articulated that the basis for sentencing Appellee in the mitigated range rested not just upon his maintaining employment but also upon other permissible sentencing factors that were sound and guided by reason, we are constrained

to affirm. ***See Commonwealth v. Smith***, 673 A.2d 893 (Pa. 1996) (while court erroneously relied upon lack of criminal history for departure sentence, sentence must be affirmed since it was also premised upon other, valid considerations).

Therefore, since the trial court did not ignore or misapply the law, demonstrate partiality, prejudice, bias or ill will, or arrive at a manifestly unreasonable decision, we must affirm.

Judgment of Sentence Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>02/21/2024</u>