J-S26007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIEZER GRACIANI-ALICEA | : | No. 1600 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 28, 2023
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001315-2022

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

DISSENTING MEMORANDUM BY PANELLA, P.J.E.:

**FILED: JANUARY 28, 2025**

Because I find the Commonwealth appropriately challenged the discretionary aspects of Graciani-Alicea's sentence, which was in the mitigated range, I dissent.

My dissent here is no reflection on the conscientious efforts of the trial court to arrive at a fair sentence. Nor do I find the trial court's sentence of 4 to 8 years' incarceration to be overly lenient. However, the prior record score of the Appellee,[1] the ruthless attack on the victim when his back was turned,[2]

---

[1] The Appellee had a prior record score of four, based on two felony drug convictions and a prior misdemeanor theft charge.

[2] After the victim and the Appellee exchanged words, the victim turned his back to walk away, however, the Appellee then hit the victim in the back of
*(Footnote Continued Next Page)*

and the serious injuries suffered by the victim,[3] did not warrant a sentence in the mitigated range.

I also agree with the Commonwealth that a sentence in the mitigated range diminishes the seriousness of a conviction of aggravated assault—serious bodily injury caused.[4] In **Commonwealth v. O'Hanlon***, 653 A.2d 616, 618 (Pa. 1995), our Pennsylvania Supreme Court commented upon the gravity of criminal conduct which must be exhibited by a defendant to constitute a charge under Section 2702(a)(1): "Aggravated assault is, indeed, the functional equivalent of a murder in which, for some reason, death fails to occur."

If the Commonwealth is so inclined to seek further review, I respectfully recommend to the Supreme Court to accept a petition for allowance of appeal. There is sparse appellate caselaw on the role of the intermediate appellate court when there is a challenge to a sentence that remains in the guidelines, i.e., in the mitigated range, but is not within the standard range. The only reported case that appears to be published is **Commonwealth v. Garcia-**

_____

the head causing the victim to hit a metal rail on the side of his tow truck. RR 99a - 100a; 103a; 108a-109a; 121a; 139a-140a. Although the victim showed noticeable injuries and signs of head bleeding, the Appellee left the scene. Others at the scene of the attack rendered aid to the victim.

[3] Following the attack by the Appellee, the victim was taken to the hospital where he was diagnosed with a skull fracture and a brain bleed. He remained in the hospital for three days.

[4] 18 Pa.C.S.A. § 2702(a)(1).

***Rivera***, 983 A.2d 777 (Pa. Super. 2009), which stands for the proposition that a trial court must place its reasons on the record supporting its imposition of a mitigated range sentence, and in default, the Superior Court will remand for resentencing. In ***Garcia-Rivera***, although the Court was presented with an appeal by the Commonwealth from the discretionary aspects of a mitigated range sentence, the Court stated:

> As the Commonwealth states, there were mitigating factors introduced at sentencing on appellee's behalf, but the court did not expressly adopt any of them, except to note that "you've never been in trouble before," something already taken into account in appellee's prior record score. (Notes of testimony, sentencing, 7/22/08 at 4.) For example, it was brought out at sentencing that appellee was extremely remorseful; was fully employed; cooperated with the victims' attorney in the civil lawsuit; and was continuing to cooperate with the state attorney general's office in a related ongoing investigation. *(Id.* at 2–3.) However, it was incumbent upon the court to explicitly rely on one or more of these reasons **in handing down a below-guidelines sentence**; nor were any reasons listed on the Guideline Sentence Form required to be transmitted to the sentencing commission by Section 303.13(c), despite the fact the form specifically indicated the sentence at count 1–B was "Mitigated." (Docket No. 29 p. 2.) For these reasons, it is necessary to vacate appellee's sentence and remand for resentencing.

***Commonwealth v. Garcia-Rivera***, 983 A.2d at 781.

For these reasons, I dissent.