J-S07040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALIK DIGGS, | : | |
| | : | |
| Appellant | : | No. 3478 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 2, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006905-2013

BEFORE:   NICHOLS, J., KING, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:                    Filed: May 21, 2020

Malik Diggs (Appellant) appeals *nunc pro tunc* from the judgment of sentence of four to eight years of incarceration, followed by two years of probation, imposed following his convictions for robbery, theft by unlawful taking, receiving stolen property, and terroristic threats.  We affirm.

The trial court provided the following background.  On May 10, 2013, Appellant entered the TD Bank in Center City, Philadelphia.  When Appellant was invited to the teller station, he slid a folded piece of paper to the teller, on which he had written "this is a stickup, KEEP quiet, give me the $20's $50's $100's IN your drawer.  Be quiet, and I won't shoot, now." Commonwealth's Exhibit 10.  The bank teller complied, handing money and

_____

[*] Retired Senior Judge assigned to the Superior Court.

a dye pack[1] to Appellant.  N.T., 6/25/2015, at 48.  After Appellant left, the teller closed her station.  While attempting to inform her supervisor, she vomited.  The supervisor called the police.  *Id.* at 51.

> While on duty at [a retail store], and shortly after the incident[,] Police Officer Gallagher spotted [] Appellant walking down the street.  He noted that Appellant had a red dye stain on his exposed undershirt, and a "sulfur-like burning smell" as he walked past the door.  The officer called out to and simultaneously approached [] Appellant.  When confronted, Appellant blurted out, "You got me.  I just robbed the bank up the street."  Appellant was subsequently arrested, searched, and found with some of the red[-]dye[-]stained stolen money.
>
> The bank teller was brought to the scene and positively identified [] Appellant as the robber.  [] Appellant was arrested and transported to the police station for an interview.  In the interview, [] Appellant waived his *Miranda*[2] rights and again voluntarily admitted to committing robbery.

Trial Court Opinion, 8/2/2019, at 2-3 (citations omitted).

As a result, Appellant was charged with the aforementioned crimes and proceeded to a jury trial, where the stated facts were developed.  At the conclusion of the trial, the jury convicted Appellant of one count each of robbery, as a felony of the second degree, theft by unlawful taking, receiving stolen property, and terroristic threats.  The jury was hung as to the charge

---

[1] A dye pack is a theft-prevention measure used by banks that is intended to explode when it leaves the bank, causing stolen money to be permanently marked with dye.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of robbery, as a felony of the first degree, and a mistrial was declared as to that charge.

On September 2, 2015, the trial court sentenced Appellant to an aggregate term of four to eight years of incarceration, followed by two years of probation. On September 11, 2015, Appellant timely filed a post-sentence motion. That motion was denied by operation of law on January 25, 2016. On February 24, 2016, Appellant timely filed a notice of appeal. The trial court entered an order, directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). No statement was filed. On January 10, 2017, the trial court entered an order stating that Appellant's failure to file a concise statement constituted waiver of all issues on appeal. Trial Court Opinion, 1/10/2017, at 2-3. On April 6, 2017, this Court dismissed Appellant's appeal after his counsel failed to file a brief. On May 8, 2017, Appellant's counsel filed an untimely motion to reconsider with this Court, which was denied. On April 12, 2018, Appellant filed *pro se* a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking reinstatement of his direct appeal rights. The PCRA court appointed different counsel, who filed an amended PCRA petition. On November 20, 2018, the PCRA court granted

Appellant's petition, reinstating his right to file a direct appeal. This timely-filed appeal followed.[3]

On appeal, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 3. Specifically, Appellant alleges the trial court abused its discretion by: 1) relying on factors already accounted for in Appellant's offense gravity score; 2) failing to state sufficient reasons on the record for imposing a sentence outside the sentencing guidelines; and 3) failing to consider his rehabilitative needs. *Id.* at 10-17.

We must first determine whether Appellant has invoked this Court's jurisdiction to review the merits of this claim.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

_____

[3] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

- 4 -

***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1075 (Pa. Super. 2019)
(quoting ***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super.
2014)).

Appellant timely filed his notice of appeal, timely filed a post-sentence
motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's
first claim in his Pa.R.A.P. 2119(f) statement is that the trial court relied
improperly upon the nature of the offense, despite the offensive gravity
score already accounting for the same. Appellant's Brief at 10. However,
Appellant did not present this argument in his post-sentence motion or
otherwise argue this point at sentencing. Because Appellant failed to
preserve properly the claim that the trial court erred by relying on a factor
already accounted for in his offense gravity score at sentencing or in his
post-sentence motion, Appellant has failed to invoke our jurisdiction as to
this discretionary-aspects-of-sentencing claim. ***See Commonwealth v.
Rush***, 959 A.2d 945, 949 (Pa. Super. 2008) (holding that this Court cannot
review a discretionary aspects of sentencing claim on appeal that is based
upon a legal argument that differs from that presented to the trial court).
Consequently, we cannot reach the merits of this claim. ***DiClaudio***, 210
A.3d at 1075

Conversely, Appellant's second claim, that the trial court failed to state
sufficient reasons for his sentence outside of the sentencing guidelines was
preserved in his post-sentence motion. Thus, we must consider whether it

raises a substantial question. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted). Such a claim raises a substantial question. *Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) ("This [C]ourt has found that a claim the trial court failed to state its reasons for deviating from the guidelines presented a substantial question for review."). Thus, we review the merits of Appellant's claim.

In the instant case, the sentencing guidelines for robbery, as a felony of the second degree, were 18 to 24 months in the standard range, and 24 to 30 months in the aggravated range. *See* 204 Pa. Code. § 303. Appellant was sentenced at that count to 48 to 96 months of incarceration, which was above the aggravated range of the guidelines. "In every case where the court imposes a sentence ... outside the guidelines ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). "[T]his requirement is satisfied when the judge states his reasons for the sentence on the record

and in the defendant's presence." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citations omitted).

In the argument section of his brief, Appellant abandons this claim. Instead, he argues that the trial court's statement of reasons was insufficient because the trial court should have focused on the manner in which the Appellant committed the robbery and his choice of target. Appellant's Brief at 14.[4] Appellant implies that those considerations would have served as a basis for a lesser sentence than he received. According to Appellant, his demand note was "an assurance that he would not commit violence against [the bank teller], and at worst" was "a conditional threat." ***Id.*** Further, he chose "a target that [wa]s insured; confronted an individual who [wa]s trained for [a robbery]," "[r]ather than accost[ing] someone in a completely vulnerable position – for example, coming upon an individual who is alone on the streets at night." ***Id.*** at 15.

Appellant's argument is nothing more than a request for this Court to reweigh the sentencing factors differently than the trial court. This we cannot do. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted) ("An abuse of discretion may not be found merely

---

[4] Appellant titled this portion of the argument section of his brief "Improper Factors." Appellant's Brief at 13. Insofar as Appellant argues that the trial court relied on improper factors, as noted above, we cannot reach the merits of that claim because he failed to preserve it properly at sentencing or in a post-sentence motion.

because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.").

Moreover, at sentencing, the trial court offered sufficient, valid reasons for imposing the sentences it did. The trial court considered the victim's statement and her reaction to the situation, the location that the robbery took place, which was described as "a location that, unlike many locations in the city, does not have bulletproof protective glass," and Appellant's prior conviction for robbery for attempting to rob a bank, a crime for which he was on probation when he committed this offense. N.T., 9/2/2018, at 25-27. Moreover, in imposing an aggravated-range sentence, the trial court explained that it was

> [b]ased upon the testimony of the complaining witness, the fact that there was direct contact with the complaining witness, there was no bulletproof or protective barrier, the physical effect on the complaining witness. Additionally, the fact that this defendant was on probation for an F1 robbery at the time of the incident.

*Id.* at 31.

Because the trial court provided reasons for its imposition of an aggravated-range sentence on the record and in Appellant's presence, the trial court did not abuse its discretion when it sentenced Appellant above the sentencing guidelines. Accordingly, we do not agree that the trial court failed to state sufficient reasons for Appellant's sentence on the record.

Regarding Appellant's claim that the trial court failed to consider his

rehabilitative needs, Appellant preserved the issue in his post-sentence motion, but failed to include this claim in his Pa.R.A.P. 2119(f) statement. Despite Appellant's failure to include this claim in his statement, the Commonwealth did not object to its absence. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief."). Nevertheless, a claim that the sentencing court failed to consider a defendant's rehabilitative needs does not raise a substantial question. *Griffin*, 65 A.3d at 936.

Even if Appellant had raised a substantial question, this claim is belied by the record. Appellant claims "[t]he trial court improperly failed to consider [Appellant's] ample rehabilitative needs in fashioning its sentence, relying instead solely on the severity of the offense and Appellant's prior robbery, omitting a crucial part of the sentencing considerations in [subs]ection 9721(b)." Appellant's Brief at 17. We consider this issue mindful of the following.

> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Antidormi*, 84 A.3d at 761.

The trial court had the benefit of a pre-sentence investigation (PSI) report, Appellant's prior record score, sentencing guidelines, Appellant's allocution, and statements from Appellant's counsel on his behalf. Additionally, the trial court specifically referred to and considered Appellant's mental health. *See* N.T., 9/2/2015, at 5-13, 15-27, 30-31. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016). Thus, we conclude that, even if Appellant had raised a substantial question for review, Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in imposing Appellant's sentence. *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013)).

For the foregoing reasons, Appellant's issues warrant no relief. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/21/20</u>