J-A10009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAQI BROWER | : | |
| | : | |
| Appellant | : | No. 1566 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004646-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAQI BROWER | : | |
| | : | |
| Appellant | : | No. 1567 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005176-2019

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 18, 2023**

Taqi Brower appeals[1] from the judgments of sentence entered in the

Philadelphia County Court of Common Pleas on October 19, 2021, following

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Brower filed separate notices of appeal under the two lower court dockets involved. We consolidated the appeals *sua sponte* as they raised identical challenges to the PCRA court's order.

his guilty pleas to possessing a concealed firearm without a license, aggravated assault, possessing an instrument of crime ("PIC"), simple assault, and recklessly endangering another person. On appeal, Brower challenges his guilty plea and the discretionary aspects of his sentence. After careful review, we affirm.

On November 6, 2019, Brower, represented by counsel, pled guilty under both of the above dockets. Two years later, on October 19, 2021, the trial court sentenced Brower to an aggregate term of sixteen to thirty-two years' incarceration. The trial court denied Brower's post sentence motions to reconsider sentence. This timely appeal followed.

In his first issue, Brower contends that his guilty plea was not knowingly, voluntarily, and intelligently entered because the trial court failed to conduct a proper colloquy. In response to Brower's claim of error, the Commonwealth argues that this issue was waived. *See* Commonwealth's Brief, at 6. We are constrained to agree.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citation omitted). "Failure to employ either measure results in waiver." ***Id***. at 610.

Here, Brower did not file any post-sentence motions to withdraw his guilty pleas.[2] Nor did Brower raise any claim regarding the voluntariness of his pleas during the plea hearing. Moreover, while Brower sought, and was granted, reinstatement of his direct appeal rights, he did not seek reinstatement of his right to file a post-sentence motion. Therefore, Brower waived his challenge to his guilty plea by failing to preserve the argument. **See id**. at 610.

In his second and final issue, Brower challenges the discretionary aspects of his sentence. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). "[T]he determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." **Commonwealth v. Dalberto**, 648 A.2d 16, 18 (Pa. Super. 1994).

Where the plea agreement provides specific penalties, an appeal from a discretionary sentence will not stand; however, where the plea agreement

---

[2] As noted above, Brower did file a post-sentence motion under each docket; however, the motions only challenged the discretionary aspects of his sentence. **See** Post-Sentence Motion to Reconsider Sentence, 10/28/21; **see also** Supplemental Motion to Reconsider Sentence, 1/23/22.

provides for no sentencing restrictions, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. *See id.* at 20. When the plea agreement falls somewhere between a negotiated plea and an open plea, we must determine the effect of the hybrid plea agreement on the right to challenge the discretionary aspects of his sentence. *See id.* at 21. Here, Brower entered an open guilty plea that did not purport to limit the sentencing court's discretion in any way. Therefore, he may challenge the discretionary aspects of the sentence. *See id.*

We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Brower must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Brower preserved his issue through timely post-sentence motions to modify his sentence, and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Brower has raised a substantial question.

We must examine Brower's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Brower "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions

- 5 -

presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

Brower asserts his sentence is manifestly unreasonable because the trial court imposed an excessive sentence and failed to state its reasons for departing from the guidelines on the record. This claim raises a substantial question for our review. ***See Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009).

> Where an excessive sentence claim is based on deviation from the sentencing guidelines, we look for an indication that the sentencing court understood the suggested sentencing range. When there is such an indication, the sentencing court may deviate from the sentencing guidelines
>
>> to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range.
>
> Thus, simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record.

***Tirado***, 870 A.2d at 366 (citations omitted).

Brower has a prior record score of 0, and the offense gravity score for aggravated assault is 11. The trial court applied the deadly weapon used enhancement, for which the sentencing guidelines recommend a minimum sentence of fifty-four to seventy-two months, plus or minus twelve months for

aggravating or mitigating circumstances. *See* 204 Pa. Code § 303.17(b). The firearm charge has an offense gravity score of 9, and calls for a basic guideline sentence of twelve to twenty-four months, plus or minus twelve months for aggravating or mitigating circumstances. The trial court imposed consecutive sentences for an aggregate term of sixteen to thirty-two years' incarceration. These sentences far exceed the aggravated range of the sentencing guidelines. In fact, the trial court imposed a sentence which is nearly double even the aggravated range of the guidelines for each offense and directed them to run consecutively to one another.

To begin, the court had the benefit of a presentence investigation report. *See* N.T., 10/19/21, at 33 (trial court answering affirmatively to defense counsel's statement that everyone had the opportunity to consider the PSI report). Thus, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself …. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). *See also Tirado*, 870 A.2d at 368.

Additionally, at sentencing, the court considered the arguments of counsel, the victim statements, and Brower's allocution. Further, the court acknowledged twice that it considered the guidelines. **See** N.T., 10/19/21, at 33-34. The court also made it clear it had considered the § 9721(b) sentencing factors. **See id**. at 34. Under these circumstances, we cannot find that the trial court abused its discretion.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2023

---

[3] Brower additionally argues the court failed to consider the PSI and mitigating circumstances. As we stated above, we find the court considered the PSI report. Accordingly, we presume the judge was aware of all sentencing factors, including mitigating circumstances. **See Tirado**, 870 A.2d at 368.