J-S20039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO LUIS ACEVEDO-SOLANO | : | |
| | : | |
| Appellant | : | No. 1793 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 8, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001896-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO LUIS ACEVEDO-SOLANO | : | |
| | : | |
| Appellant | : | No. 3170 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 8, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001899-2020

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 28, 2023**

Pedro Luis Acevedo-Solano appeals from the judgment of sentence imposed following a negotiated guilty plea that resulted in him pleading guilty, across a total of three docket numbers, to one count of conspiracy to commit robbery, one count of illegally possessing a small amount of marijuana, and

_____

* Retired Senior Judge assigned to the Superior Court.

one count of carrying a firearm without a license.[1] Prior to sentencing,
negotiations between Acevedo-Solano and Commonwealth yielded an
agreement that the marijuana and firearm sentences would run concurrent
with his conspiracy to commit robbery sentence. The lower court resultantly
sentenced Acevedo-Solano to an eight-to-twenty-year term of incarceration,
which, specifically at the conspiracy offense, was beyond the aggravated
range of Pennsylvania's relevant sentencing guidelines. On appeal, Acevedo-
Solano challenges the discretionary aspects of this sentence, suggesting that
the lower court abused its discretion in: (1) failing to provide adequate
reasoning for deviating from the sentencing guidelines; and (2) neglecting to
consider mitigating circumstances. After a detailed review of the record, we
conclude that the lower court did not abuse its discretion in sentencing and
therefore affirm.

As cogently summarized by the lower court:

> Case No. 1999/2020 stems from a motor vehicle stop on
> Rou[t]e 22 in the area of the Airport Road exit, Hanover Township,
> Lehigh County on October 17, 2019. [Acevedo-Solano] was
> observed operating a white Honda Accord. His brake lights
> illuminated and flashed at an irregular interval. Trooper Taylor
> Dietrich of the Pennsylvania State Police initiated a traffic stop.
> During the stop, Trooper Dietrich noticed a handgun laying on the
> floor behind the passenger seat. [Acevedo-Solano] was asked to
> exit the vehicle and was interviewed. [Acevedo-Solano] indicated
> he was not the registered owner of the gun and he did not have

---

[1] **See** 18 Pa.C.S. § 903 (conspiracy), 18 Pa.C.S. § 3701(a)(1)(i); 35 P.S. § 780-113(a)(31)(i); and 18 Pa.C.S. § 6106(a)(2), respectively. Although Acevedo-Solano was convicted at three docket numbers, only two are the subject of this appeal, as discussed, *infra*.

[a] permit to carry it. He indicated it was not his and that it belonged to an individual named Ricardo Martin. Police were unable to locate any record of Ricardo Martin. The firearm was last identified as having been sold to Franciso Javier Rivera Andujar.

Case No. 1896/2020 involves a homicide which occurred in the early-morning hours of March 3, 2020. [Acevedo-Solano] offered a detailed account of the events in this case. On March, 2, 2020, [Acevedo-Solano] was working at Bakerly, a French breads company, when he received a text inviting him to hang out with Nikolas Acevedo ("Acevedo") and Jamett Rivera ("Rivera"). [Acevedo-Solano] initially declined because he had obligations with his two-month-old daughter. However, he eventually agreed to smoke marijuana with them and drive around. He indicated he would not be able to hang out with them until closer to midnight.

At or about 12:00 a.m. on March 3, 2022, [Acevedo-Solano] texted Acevedo and Rivera to see where they were. They arrived shortly thereafter and [Acevedo-Solano] entered their vehicle. However, it was too small so [Acevedo-Solano] suggested they get into his vehicle, a red Dodge Durango, in which he was sitting while waiting for their arrival. [Acevedo-Solano] offered to drive. His fiancé[e] called and asked him to pick up an online food order at the Wawa located on 15th Street in Allentown. [Acevedo-Solano] indicated he did not notice that both Acevedo and Rivera were armed.

While driving, [Acevedo-Solano] indicated that Acevedo and Rivera produced and showed him their guns, which made [Acevedo-Solano] nervous because they were already driving around at night in a vehicle with tinted windows smoking marijuana. [Acevedo-Solano] proceeded to the Wawa, picked up the food order, and drove the food to his fiancé[e].

[Acevedo-Solano] indicated he parked outside his residence and took the food to his fiancé[e] while Acevedo and Rivera waited in the Durango. While he did so, he passed Elijaah Rodriguez (["]Rodriguez["]) walking westbound on the 1200 block of Turner Street in Allentown, Lehigh County. [Acevedo-Solano] denied knowing who Rodriguez was and the two nodded at one another. After dropping off the food, [Acevedo-Solano] returned to the vehicle. When he entered, he heard Acevedo and Rivera arguing with each other and Rivera was making statements about Rodriguez, threatening to get Rodriguez before Rodriguez could

get Rivera.

According to [Acevedo-Solano], he tried to dissuade the others, particularly Rivera, from doing anything, citing the fact that his young daughter was asleep in his residence. [Acevedo-Solano] indicated Rivera pumped his shotgun and said, "We're doing it." This made [Acevedo-Solano] fearful.

Rivera directed [Acevedo-Solano] to circle the block, and [Acevedo-Solano] complied. Acevedo and Rivera exited the vehicle after they saw Rodriguez. They were armed with a rifle and a shotgun, respectively. [Acevedo-Solano] remained in the vehicle. Rivera and Acevedo approached Rodriguez. [Acevedo-Solano] heard gunshots and immediately thereafter, River[a] and Acevedo returned to the vehicle. [Rodriguez had been fatally shot.] Rivera had a handgun, which he indicated he took from Rodriguez. [Acevedo-Solano] dropped Rivera and Acevedo off at their respective residences. [Acevedo-Solano] recounted that Acevedo apologized profusely to [Acevedo-Solano]. [Acevedo-Solano] did not report the crime to the police.

Case No. 1898/2020 also took place on March 3, 2020. During the daytime hours of March 3, 2020, [Acevedo-Solano] was stopped by Officer Michael Hammer of the Allentown Police Department for dark window tint on a white Honda Accord he was operating while traveling northbound in the 600 block of Noth 12th Street in Allentown, Lehigh County. During the stop, Officer Hammer smelled a strong odor of fresh marijuana. [Acevedo-Solano] handed the officer a plastic bag with marijuana residue. A search of the vehicle and of [Acevedo-Solano] was conducted and a second bag with a green leafy substance was found in his pocket. [Acevedo-Solano] was taken into custody for questioning about the shooting and subsequently charged along with Acevedo and Rivera following a police investigation.

After [Acevedo-Solano] was stopped and questioned on March 3, 2020, police arrested Acevedo and Rivera as well. Acevedo indicated the intent was to rob Rodriguez of his gun, and that he fired into the air with the intent of scaring Rodriguez. [Acevedo-Solano] indicated he learned that Acevedo and Rivera were at Cabela's earlier in the day on March 2, 2020. They purchased ammunition from the store. They also were at a bar where they consumed alcohol prior to meeting up with him.

- 4 -

Trial Court Opinion, 8/15/22, at 1-4 (unpaginated).

As illuminated, *supra*, Acevedo-Solano pleaded guilty to conspiracy to commit robbery, carrying a firearm without a license, and possessing a small amount of marijuana. Pursuant to Acevedo-Solano's agreement with the Commonwealth, the sentences associated with the firearms and marijuana offenses were to run concurrent with the robbery conspiracy sentence. At sentencing, for that latter offense, the court imposed a term of incarceration of eight to twenty years. As to the firearms and marijuana offenses, Acevedo-Solano received a six-to-twenty-four-month term of incarceration, within the aggravated guideline range for this offense, and a $100 fine, respectively.

After he was sentenced, Acevedo-Solano filed two motions for reconsideration, one at the robbery conspiracy sentence and one at the firearms sentence, which were denied. Resultantly, Acevedo-Solano filed a timely notice of appeal,[2] and the relevant parties have complied with their

_____

[2] Despite having been sentenced at three trial court docket numbers, Acevedo-Solano originally only filed a singular notice of appeal listing those three numbers. Moreover, Acevedo-Solano did not file a post-sentence motion at the docket number involving his marijuana conviction. Pursuant to Pennsylvania Rule of Appellate Procedure 341(a) and ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal when a single order resolves issues at more than one docket number), this Court issued a rule to show cause, which directed Acevedo-Solano to demonstrate why the present appeal should not be quashed. Our order also required Acevedo-Solano to show why his appeal from the marijuana docket number should not be quashed given that, in the absence of a post-sentence motion, his appeal with respect to that offense, filed more than thirty days after the sentence's imposition, was untimely. ***See*** Pa.R.Crim.P. 720(A)(3). Ultimately,
*(Footnote Continued Next Page)*

respective obligations under Pennsylvania Rule of Appellate Procedure 1925.

As such, this matter is ripe for review.

On appeal, Acevedo-Solano presents two related issues:

1. Did the court abuse its discretion in failing to provide any reasons for its sentence, which exceeded the aggravated range of the sentencing guidelines?

2. Did the court abuse its discretion when it failed to consider any of the mitigating circumstances presented at the time of sentencing?

*See* Appellant's Brief, at 8.

As with all discretionary aspects of sentencing claims, we utilize a well-settled set of precepts:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to

_____

Acevedo-Solano conceded that an appeal from the marijuana docket number was untimely, which resulted in our partial quashal of his appeal. However, in accordance with **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), and its progeny, **Commonwealth v. Young**, 208 A.3d 1049 (Pa. Super. 2022), we allowed for Acevedo-Solano to perfect the appeal by filing two amended notices of appeal for his appeals at the robbery conspiracy and firearms sentences, with each notice listing only one trial court docket number. Acevedo-Solano complied with our instructions, and as such, this now consolidated appeal is properly before this Court.

invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect[, *see* Pa.R.A.P. 2119(f)]; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted) (indentations altered).

A "substantial question" is one that sets "forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S. § 9721(b) (mandating that a sentence of confinement must be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[ ]"). If the four-part test is satisfied, then we review an appellant's substantive claim, which requires inquiry into whether the lower court, at any point, abused its discretion in sentencing. *See Commonwealth v. Akhmedov*, 216 A.3d 307, 328-29 (Pa. Super. 2019) (*en banc*).

Acevedo-Solano filed a timely notice of appeal, properly preserved his contentions via post-sentence motion, and included a Rule 2119(f) statement

in his brief. Accordingly, we are tasked with evaluating whether he has raised a substantial question.

Distilled down, Acevedo-Solano argues that he has presented at least one substantial question because: (1) the lower court failed to state its reasons for deviating from the sentencing guidelines and imposing a sentence above the aggravated range; and (2) the lower court neglected to consider mitigating factors. *See* Appellant's Brief, at 19-21. As "[t]his court has found that a claim that the trial court failed to state its reasons for deviating from the guidelines presents a substantial question for review," ***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009), Acevedo-Solano has therefore presented a substantial question. Moreover, although implicit in his argument, Acevedo-Solano's Rule 2119(f) statement suggests that his sentence is excessive given the court's lack of consideration into mitigating factors associated with him as a person and in the context of the facts underpinning his robbery conspiracy conviction. This argument, too, raises a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2015) ("This Court has held that an excessive sentence claim–in conjunction with an assertion that the court failed to consider mitigating factors–raises a substantial question."); ***see also Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) ("[A] claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question.").

Acevedo-Solano believes that "the sentencing court failed to provide any reasons for deviating beyond the aggravated range sentence as it pertains to his [c]onspiracy conviction." Appellant's Brief, at 25. Acevedo-Solano also baldly attacks his aggravated-range sentence for the firearms offense.

Preliminarily, we emphasize that because the lower court judge, here, had the benefit of a presentence investigation report, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004). As to sentencing above the guidelines:

> The court may deviate from the recommended guidelines; they are merely one factor among many that the court mut consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines, however, it must demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Further, the court must provide a contemporaneous written statement of the reasons for the deviation from the guidelines.
>
> The requirement that the court provide a contemporaneous written statement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence.

*Commonwealth v. Durazo*, 210 A.3d 316, 320-21 (Pa. Super. 2019) (citations and internal quotation marks omitted) (cleaned up). This Court "shall" vacate sentences that are "outside the sentencing guidelines … and unreasonable." 42 Pa.C.S. § 9781(c)(3); *see also* 42 Pa.C.S. § 9781(c)(1)-

- 9 -

(2) (requiring this Court to vacate sentences within the sentencing guidelines if the lower court "applied the guidelines erroneously" or if "the application of the guidelines [is] clearly unreasonable[]").

In fully evaluating his brief, Acevedo-Solano's argument morphs from averring that the lower court provided *no* reasons for deviating from the guidelines to claiming that the court predicated its sentence "solely on the seriousness of the offense without considering all relevant factors[.]" Appellant's Brief, at 30. Relatedly, notwithstanding the fact that he was originally charged with criminal homicide, *see id*., at 9 ("[Acevedo-Solano] was charged with [c]riminal [h]omicide[.]"), Acevedo-Solano contends that a court may not sentence "on the basis of offense[s] or conduct not charged or pled." *Id*., at 30.

Acevedo-Solano also believes, as his ancillary assertion,[3] that the court failed to consider his age, remorse, cooperation with prosecution, and his lack of prior record. *See id*., at 32. Instead, it "relied solely on the seriousness of the offenses and discredited the mitigating factors[.]" *Id*.

At sentencing, the court fully apprised Acevedo-Solano of the possible sentence ranges for the crimes in which he pleaded guilty. Specifically, as to the conspiracy to commit robbery offense, Acevedo-Solano had a prior record score of zero, but the offense had a gravity score of eleven. Therefore,

---

[3] Although Acevedo-Solano presented two questions for our review, his brief is limited to one omnibus argument section.

"[s]tandard range for the minimum period of incarceration [was] 45 to 63 months. Mitigated is 33 to 45. Aggravated is 63 to 75." Sentencing Hearing, 4/8/22, at 5. As to the firearms offense, which carried an offense gravity score of four, the standard range was identified as "probation to 3 months. Mitigated, nothing below probation. Aggravated 3 to 6 months." *Id*., at 6.

Immediately preceding the imposition of its sentence, the court explained:

> The record should reflect I have consulted or thoroughly reviewed the contents of the pre[]sentence investigation report, taking into account Mr. Acevedo-Solano's statement here in court today as well as his cooperation with the police from the very beginning of the investigation as well as [the mother of the victim's] comments here in court today.
>
> Two things stand out to me, Mr. Acevedo-Solano. First off is that while you and your lawyer have requested a certain amount of leniency, in my mind, that's already been provided by not having you plead guilty on the homicide charge as an accomplice. That you aided and abided [*sic*] the commission of this offense whether you completely foresaw the ultimate outcome or not.
>
> You drove, you stopped, you let them out. You waited for them to come back and you didn't go immediately to the police. You didn't go back to the scene where [the victim] lay on the ground. So in my mind, you have already received significant consideration by allowing you to plead guilty to the conspiracy to robbery charge instead of a more serious offense.
>
> Secondly, one of the other cases you pled guilty to back on January 27th was for the firearms charge as a person who would otherwise have been entitled to possess a firearm but you did not legally have the ability to possess. This was from a situation that occurred in October of 2019, some six months before this offense occurred. So you appeared not to have been a stranger to being in contact with firearms albeit those for which you did not legally have a right to possess them.

So taking into account all those actions as well as your behavior relevant to this particular investigation, I will sentence you as follows …

Sentencing Hearing, 4/8/22, at 19-21.

After announcing its sentences, the court stated:

[The court] note[s] for the record the sentence for the conspiracy to [commit] robbery charge is beyond the aggravated range. It is one-half of what the other co-defendant, Mr. Acevedo, received as is an accurate reflection in my view as to the appropriateness of the sentence for the behavior which resulted on the night which led to the death of [the victim]. The firearms charge is at the top of the aggravated range.

\* \* \*

It's a combined sentence of 8 to 20 years. Eight years on the conspiracy to robbery charge. As [the court] said, that is beyond the aggravated range. It is one-half of what [Acevedo-Solano's] co-defendant, … Mr. Acevedo received and a little less than that of what Mr. Rivera received. The firearms charge is at the top of the aggravated range and runs concurrent, 6 to 24 months so [Acevedo-Solano does not] pick up any additional period of incarceration or punishment for that.

*Id*., at 22-24. The corresponding sentencing order reflects the same deviation from the sentencing guidelines and attendant explanation for that divergence. *See* Sentencing Order, 4/8/22 ("This sentence is beyond the aggravated range due to [Acevedo-Solano's] actions the night of the incident that resulted in the death of [the victim].").

The court, armed with a presentence investigation report, expressly reflected on all relevant factors associated with Acevedo-Solano and the discrete circumstances of his criminality, as well as his impact on the victim's family and the community more broadly. As made evident in its subsequent

- 12 -

opinion, the court "took into consideration [Acevedo-Solano's] relative cooperativeness with police, and his comparatively limited role in the events which led to the death of [the victim]." Trial Court Opinion, 8/15/22, at 9 (unpaginated). However, it also found that "[t]he mitigating factors must be balanced against the fact that [he] was found to be in unlawful possession of a firearm just over four months prior to the date of [the victim's] death." *Id*. Moreover, as the driver, Acevedo-Solano became aware of Acevedo and Rivera's possession of firearms prior to the shooting death of the victim. *See id*. Despite knowing that he was in the presence of firearms, Acevedo-Solano "continued to associate with them. By [his] own account, when Rivera directed him to circle the block looking for [the victim], [Acevedo-Solano] complied." *Id*.

After the shooting death of the victim, Acevedo-Solano waited and dropped off Rivera and Acevedo at their respective residences. *See id*. Acevedo-Solano did not call emergency services to assist the victim, nor did he call police to report the homicide that had just taken place. *See id*.

The court, after taking all of these factual underpinnings into account, which it measured alongside the presentence investigation report as well as statements made by both Acevedo-Solano and the victim's mother, determined that, in imposing a sentence for robbery conspiracy outside of the sentencing guidelines, Acevedo-Solano still clearly received the benefit of his plea bargain with the Commonwealth "which spared him from the homicide

charge." *Id*. The record reflects that the court expressed these determinations contemporaneous with its imposition of Acevedo-Solano's sentences, explicitly indicating its consideration of mitigating factors. While Acevedo-Solano would, perhaps, desire a reweighing of the lower court's considerations, that action is not within our purview. We afford wide latitude to the lower court's sentencing determinations, and when the record reflects adequate consideration of the relevant factors, such as it does here, we will not disturb the court's discretion.

Acevedo-Solano received a term of incarceration that, at its minimum, will amount to ninety-six months. Based on the sentencing guidelines, the aggravated range for conspiracy to commit robbery maxed out at seventy-five months. Juxtaposed against the facts of this case, we perceive no unreasonableness to this sentence. The lower court adequately considered: (1) Acevedo-Solano's specific role in the events that led to the shooting death of the victim; (2) Acevedo-Solano's background and his prior record score of zero; (3) Acevedo-Solano's willingness to ultimately cooperate with police officers; (4) Acevedo-Solano's presentence investigation report; and (5) the effects that Acevedo-Solano's actions on the victim, the victim's family, and the community at large. Moreover, we highlight that the court was in the position to be able to observe Acevedo-Solano. *See* 42 Pa.C.S. § 9781(d)(2). In total, then, the court adequately made its findings part of the record and presented a reasonable basis to deviate from the sentencing guidelines at the

conspiracy to commit robbery offense given that, *inter alia*, Acevedo-Solano pleaded guilty to a lesser charge than the homicide-related charge he was alternatively facing. Accordingly, Acevedo-Solano is due no relief because the court provided adequate reasons to deviate from the sentencing guidelines and, too, clearly considered mitigating factors at sentencing. Furthermore, for the reasons already stated given the court's complete consideration of all relevant factors at sentencing, Acevedo-Solano has presented no basis to depart from the aggravated-range sentence that the court imposed at the firearms offense. Therefore, we affirm Acevedo-Solano's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2023